UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMIE LEE THOMAS,

    Plaintiff,

v.

Case No. 17-13239
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 25, 2019 REPORT AND RECOMMENDATION [ECF NO. 21]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ]19]; AND (4) AFFIRMING DEFENDANT'S DECISION</u>**

On October 3, 2017, Plaintiff initiated this lawsuit challenging the Commissioner of Social Security's final decision denying her application for social security benefits. On the same date, this Court referred the lawsuit to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 15, 19.)

On February 25, 2019, Magistrate Judge Whalen issued an R&R recommending that this Court deny Plaintiff's motion for summary judgment and

grant Defendant's motion. (ECF No. 21.) At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections on March 11, 2019. (ECF No. 22.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff asserts two objections to the R&R, both of which address the ALJ's and Magistrate Judge Whalen's assessment of her mental impairment. First, Plaintiff argues that the evidence established that her mental conditions interfere with her ability to perform sustained work. Relatedly, in her second objection, Plaintiff contends that the ALJ failed to account for her mental limitations in the

2

RFC. Having conducted a *de novo* review of these issues, this Court finds that neither objection has merit.

The only evidence Plaintiff points to in support of her claim that her mental conditions preclude her ability to work are her GAF score, her mental diagnosis mentioned in the medical records, and her own testimony and subjective complaints. (*See* Obj. at 5, ECF No. 22 at Pg ID 558.) Plaintiff acknowledges, however, that a GAF score does not include an assessment of one's work-related functions. (Pl.'s Br. at 11, ECF No. 15 at Pg ID 486); *see also DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006) ("[T]he Commissioner has declined to endorse the Global Assessment Functioning score for use in the Social Security and Supplemental Security Income disability programs, and has indicated that Global Assessment Functioning scores have no direct correlation to the severity requirements of the mental disorders listings.") (citations, quotation marks and brackets removed). Moreover, "[a] GAF score is a 'subjective rating of an individual's overall psychological functioning[.]'" *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 835 (6th Cir. 2016) (quoting *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007)). Plaintiff's GAF score of 35 was assigned as part of Plaintiff's initial evaluation at Northeast Guidance Center on August 4, 2015, is the only score in the record and thus there is no evidence of consistently low scores, and is not accompanied by evidence of work-related limitations. (*See* A.R. at 336-

3

416, ECF No. 9-7 at Pg ID 427-461.) Moreover, as outlined by the ALJ and Magistrate Judge Whalen, it is contradicted by substantial evidence in the record. (*See* A.R. at 16-17, ECF No. 9-2 at Pg ID 56-57; R&R at 28-29, ECF No. 21 at Pg ID 551-52.) Sixth Circuit precedent reflects that ALJs do not err when discrediting a claimant's GAF scores under similar circumstances. *See Miller*, 811 F.3d at 836 (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496 (6th Cir. 2006)).

"'The mere diagnosis of [an ailment] … says nothing about the severity of the condition.'" *Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. 2001) (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). The Sixth Circuit has found substantial evidence to support the denial of benefits despite the diagnosis of a disorder where the record does not support limitations on the claimant's functioning. *See id.* (citing cases). As set forth by the ALJ and Magistrate Judge Whalen, the record in this case is devoid of objective evidence establishing functional limitations resulting from Plaintiff's diagnosed mental impairments. (*See* A.R. at 16, ECF No. 9-2 at Pg ID 56; R&R at 22-23, ECF No. 21 at Pg ID 545-46.) The records from Northeast Guidance Center reflect that Plaintiff was consistently described as having goal directed thought processes, as being alert and oriented to her person, place, and time, and having normal mood, impulse control, judgment, psychomotor activity, attention, concentration, and affect. (A.R. at 337-

4

39, 343-43, 358-59, 371-72, 378-79, 385-86, 392-93, ECF No. 9-7 at Pg ID 382-384, 389-90, 403-04, 416-17, 423-24, 430-31, 437-38.)

Lastly, Plaintiff's subjective reports of a mental impairment are not supported by objective evidence in the record and the ALJ adequately explained her reason for finding Plaintiff not fully credible. Notably, when the ALJ asked Plaintiff why she was unable to work, she mentioned only her physical impairments and medication side effects. (A.R. at 44.) She did not refer to any mental limitations.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Whalen's R&R and adopts Magistrate Judge Whalen's recommendations. The Court therefore is affirming the Commissioner's decision finding Plaintiff not disabled under the Social Security Act.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED** (ECF No. 15); and

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED** (ECF No. 19).

                                           s/Linda V. Parker
                                           LINDA V. PARKER
                                           UNITED STATES DISTRICT JUDGE

Dated: March 27, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury
Case Manager